B/eese' J.
delivered the opinion of the court.
The right to receive compensation for the transportation: of travelers and others, across a river on a public highway, is at common law a franchise of the crown. And this from the nature; of the right is almost necessarily so. For no greater evil could well be imagined than the unrestrained power on the. part of individuals to exact from the traveler, who, cannot-brook delay or stipulate for terms, what ever cupidity might dictate. When a grant of this franchise is made to a subject,, it is deemed matter of common right that it should be madé to the owner of the soil where the ferry is to be kept. The franchise here belongs to the State, and the grant is made by our law, through the county court. The act of 1807, c 25,, secures to the owners of the land or of the landings, as against, strangers, the right to keep a ferry, if the public shall see proper to establish one, passing over their property. If the owner of the land will keep the ferry, that act makes it the duty of the county court to grant it to him; but whether a ferry shall be established or not, depends upon the will of the public and the convenience of the community, not upon any claim of individual right. Upon the ground of individual right, and without a grant from the public, no one is permitted by the act of 1764, c 3, § 4, to keep a ferry or transport per¿ sons or effects for pay within ten miles of any existing ferry, established by the public upon the same river. This is a restriction, not upon the power of the county court to establish ferries within any distance of each other, which they may see fit, but upon the claim of right on the part of individuals to keep a private ferry.
The county court, therefore, in this case, were under no obligation of duty imposed by the law to grant the petition of the defendant in error, upon the ground of any claim of right on his part. The only question for them to have determined was, whether public convenience made it proper to grant the prayer of the petitioner. The application is to have a public *282 ferry established adjacent to and almost in iuxta position with Nashville Bridge, which it seems is m a state ot good re- . , ,, „ . e, J -tL ■ , pair, and capable at all times of transporting sately and without delay, all persons and all effects which require transportation, A ferry would' transport persons and effects with more delay and with less safety. Public convenience therefore, does not demand the establishment of a ferry, unless it could bé' called public convenience to reduce, by competition, the' tolls of the bridge below the amount conceded by the public to the Bridge Company in the charter of incorporation. And' surely this cannot be insisted on. In language it would be' a' solecism — in act it would be bad faith. The record presents other grounds in the conduct of the petitioner when the bridge was about to be built, and in his acquiesence since, which perhaps would bring us to the same result. But it is unnecessary to consider of them, because we are satisfied upon the general views above presented, that the county court acted properly in refusing the application of the petitioner, and we' affirm their judgment. The judgment of the circuit court must therefore be reversed.
■Judgment reversed,